# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ALASKA

In re:

SCOTTY DEAN BERG AND ANNETTE JEAN BERG,

    Debtors.

Case No. F08-00301-DMD

Chapter 13

**Filed On 5/7/09**

## MEMORANDUM ON APPLICATION FOR APPROVAL OF ATTORNEY FEES AND COSTS

Pending before the court is the Application for Approval of Attorney's Fees and Costs filed by the debtors' attorney, Valerie Therrien. The application covers the period from May 9, 2008, through April 7, 2009. Ms. Therrien requests an award of fees in the amount of $4,597.50 and costs in the sum of $519.03, for a total of $5,116.53. The application has been duly noticed, and no objections thereto have been filed.

The bankruptcy court may, in accordance with 11 U.S.C. § 330(a), award a professional representing a debtor "reasonable compensation for actual, necessary services rendered" to the debtor, as well as "reimbursement for actual, necessary expenses."[1] The court may award a professional compensation in a lesser amount than has been requested.[2] The court must ensure that attorneys who represent a debtor do so in the best interests of the bankruptcy estate, and that they charge reasonable fees for services which in fact benefit the

---

[1] 11 U.S.C. § 330(a)(1).

[2] 11 U.S.C. § 330(a)(2).

estate.[3] To assist the court in determining whether requested fees or costs are, in fact, reasonable and necessary, fee applicants in this district must separately itemize each service rendered with sufficient description to permit the court to make this determination.[4] Entries for "research" or "telephone call" without further details are insufficient.[5] Further, normal overhead expenses are not reimbursable under § 330(a).[6] Overhead expenses include secretarial and clerical services, as well as the cost of stationery and the other normal expenses of running an office.[7]

I have reviewed Ms. Therrien's fee application and find that most of the amounts requested are reasonable. I do feel some adjustments are required, however. First, the fee itemization includes four time entries for services which I feel are more in the nature of secretarial work than allowable paralegal work. These are:

| 6/10/08 | JND | Electronically File Plan | 0.10 ($75.00/hr) | $ 7.50 |
|---|---|---|---|---|
| 6/25/08 | BL | Served plan | 1.25 ($75.00/hr) | $93.75 |
| 7/10/08 | JND | Electronically File plan (amended) | 0.25 ($75.00/hr) | $18.75 |
| 7/31/08 | JND | Fax information to Robbie regarding SSN | 0.20 ($75.00/hr) | $15.00 |
|  |  | Total: | 1.8 hours | $135.00 |

---

[3] *Neben & Starrett, Inc., v. Chartwell Fin. Corp. (In re Park-Helena Corp.)*, 63 F.3d 877, 880 (9th Cir. 1995).

[4] Ak LBR 2016-1(c)(3).

[5] *Id.*

[6] *Sousa v. Miguel (In re United States Trustee)*, 32 F.3d 1370, 1374 (9th Cir. 1994).

[7] *Id.*

2

As noted above, secretarial services are in the nature of overhead and are not allowable as an administrative expense. The sum of $135.00 will therefore be disallowed. The balance of the requested fees, in the sum of $4,462.50, will be allowed.

A minor adjustment will also be made to Ms. Therrien's requested costs. In accordance with guidelines established by the Office of the United States Trustee for the District of Alaska, facsimile charges are permitted for outgoing long distance facsimiles at the rate of $0.35 per page (in lieu of the actual long distance telephone charge), and for incoming facsimiles at the rate of $0.20 per page. No charge is allowed for sending a local facsimile. Ms. Therrien's cost itemization includes $2.00 for facsimile charges. It appears that this charge is billed at the rate of $1.00 per page. This charge is not permissible under the guidelines established by the United States Trustee. The sum of $2.00 will be deducted from the total costs requested. Ms. Therrien's allowable costs would include the filing fee of $274.00, plus the postage and photocopy charges she has itemized. The sum total of these charges is $417.03. This figure is different from the sum of $519.03 requested by Ms. Therrien. However, as the only allowable costs which have been itemized on her fee application total $417.03, this lesser sum is the amount that will be awarded.

Finally, the fee application indicates that Ms. Therrien received a retainer of $2,750.00 from the debtors. However, Ms. Therrien's attorney disclosure statement states that the amount of the retainer was $1,899.00, while the debtors' Statement of Financial Affairs indicates that they paid her $1,700.00 as a retainer.[8] The court does not know which

---

[8] *See* Disclosure of Compensation of Attorney for Debtor, and Debtor's Statement of Financial Affairs, at p. 4, filed May 29, 2008 (Docket No. 1).

figure is accurate. For the purposes of determining this application, the sum stated in Ms. Therrien's fee application, $2,750.00, will be used, as that is the most recent statement regarding her retainer balance. However, if Ms. Therrien has, in fact, received a retainer in a lesser sum, she may file a declaration to that effect and submit a proposed order reflecting the correct retainer amount and the correct balance to be paid by the trustee under the terms of the plan. Ms. Therrien's fees and costs will be allowed, after the adjustments made above, as follows:

| Fees requested: | $4,597.50 |
|---|---|
| Secretarial/clerical services: | <$135.00> |
| **Total Fees Allowed:** | **$4,462.50** |
| **Total Costs Allowed (corrected total, less facsimile charges):** | **$417.03** |
| **Total of Allowed Fees and Costs:** | **$4,879.53** |
| Less retainer: | <2,750.00> |
| Balance to be paid under plan: | **$2,129.53** |

An order will be entered consistent with this memorandum.

DATED: May 7, 2009

BY THE COURT

/s/ Donald MacDonald IV
DONALD MacDONALD IV
United States Bankruptcy Judge

Serve:  V. Therrien, Esq.
L. Compton, Trustee
U. S. Trustee

05/07/09

4